**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 19 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-31348 |
| | ) | |
| Tanya Murphy, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3058 |
| | ) | |
| Tanya Murphy, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Deal Auto, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION

    This adversary proceeding is before the court for decision after trial on Plaintiff's complaint alleging in Count One of her complaint a willful violation of the automatic stay under 11 U.S.C. §362(k) against Defendants Deal Auto and NIMR, Inc.[1] Plaintiff is the debtor in the underlying Chapter 13 case.

    The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under a case under Title 11. This proceeding has been referred to this court

---

[1] Counts Two and Three of Plaintiff's complaint seek to enjoin Defendants from selling the vehicle that is the subject of the stay violation and a declaration requiring Defendants to return the vehicle to Plaintiff. However, the vehicle was returned to Plaintiff before trial, thus rendering Counts Two and Three moot.

by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine whether the automatic stay has been violated are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2).

This memorandum of decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case. Based upon that review, and for the reasons discussed below, the court finds that Plaintiff is entitled to judgment on Count One of her complaint and will award her compensatory damages in the amount of $200.00 and punitive damages in the amount of $900.00.

## FINDINGS OF FACT

Muhamed Qiblawe is the president and decisionmaker of Defendant NIMR, Inc., dba Deal Auto (jointly, "Defendants").[2] As of February 11, 2013, Defendant Deal Auto has held a purchase money security interest in a 2004 Hummer owned by Plaintiff. [*See* Def. Exs. B & C]. On April 4, 2013, Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code. It is undisputed that, on April 16, 2013, Defendants caused Plaintiff's Hummer to be repossessed.

The court credits Plaintiff's testimony that at some undisclosed time after filing her petition but before April 16, 2013, she went to Deal Auto and spoke to Qiblawe, informing him of her bankruptcy filing. Plaintiff testified that she was afraid Qiblawe would not understand why she was not making payments on the debt owed to Deal Auto and that she explained to him that they would be made by the Chapter 13 trustee through her plan. Although notice of Plaintiff's bankruptcy filing was sent by first class mail to Defendants on April 10, 2013, by the Bankruptcy Noticing Center ("BNC") [*see* Pl. Ex. 8], the court credits Qiblawe's testimony that Defendants had problems with not receiving mail after the postal address of the lot where their business is located was changed and that they did not receive the BNC notice.

Nevertheless, there is no dispute that Defendants received notice on April 16, 2013, after the Hummer was repossessed. At the time the vehicle was repossessed, Plaintiff had driven it approximately two miles from her home to look at condominiums with her parents. Plaintiff then called her sister, who drove her to Deal Auto where she spoke to Qiblawe. The court credits Plaintiff's testimony that she asked

---

[2] Although Qiblawe was also named as a defendant in Plaintiff's complaint, the court granted the unopposed motion to dismiss him as a defendant in this adversary proceeding. [*See* Doc. # 16].

Qiblawe for the Hummer but that it was not returned to her. There is no dispute that, on April 16, 2013, Plaintiff's attorney called and spoke with Qiblawe, and Plaintiff was served with the adversary complaint filed in this proceeding. There is also no dispute that Defendants did not return the Hummer to Plaintiff until April 25, 2013, after Qiblawe met with his attorney.

Plaintiff owns a 1999 Ford Econoline in addition to the Hummer, which she testified could have been driven after the Hummer was repossessed. Nevertheless, Plaintiff testified that because she was so upset by the repossession and because she spent time trying to find the Hummer after it was repossessed, she missed two days of work, which she testified consisted of seven hours at $10.00 per hour.[3] Defendants admit that Plaintiff has incurred a minimum of $200.00 in damages as a result of being without the Hummer for the nine days from April 16, 2013, when the vehicle was repossessed, until April 25, 2013, when the vehicle was returned.

## LAW AND ANALYSIS

Plaintiff seeks an award of damages resulting from Defendant violating the automatic stay by repossessing her 2004 Hummer and failing to return the vehicle to her for nine days thereafter. A statutory automatic stay arises upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). Although Plaintiff does not state under which provision of § 362(a) her complaint is brought, under § 362(a)(3), the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate."

To enforce creditor compliance with the automatic stay, the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). In order to prevail on a § 362(k)(1) claim, a plaintiff must prove, by a preponderance of the evidence, that the stay imposed under § 362 was violated, that the violation was committed willfully and that plaintiff was injured by the violation. *In re Skeen*, 248 B.R. 312, 316 (Bankr. E.D. Tenn. 2000).[4] A willful violation does not require proof of a specific intent to violate the stay. *Sharon v. TranSouth Fin. Corp. (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999). Rather, it requires proof that a creditor who

---

[3] Plaintiff's testimony is unclear as to whether she missed a total of seven hours of work over the two day period or seven hours each day.

[4] Section 362(k) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005. The provisions of § 362(k) relevant to Plaintiff's complaint were in effect before BAPCPA as § 362(h). Cases interpreting and applying the former § 362(h) are still valid law under § 362(k). The court will cite cases in this memorandum interchangeably between § 362(h) and § 362(k).

3

was aware of the bankruptcy filing violated the stay by an intentional act. *Id.*

In this case, there is no dispute that repossession of Plaintiff's Hummer and the subsequent failure to return it to her for nine days violated the automatic stay. Rather Defendants argue that the repossession itself was not a willful violation because they were not aware of Plaintiff's bankruptcy at the time it occurred. While it is true that Defendants had not received formal notice of Plaintiff's bankruptcy filing, they had received oral notification by Plaintiff before the date the Hummer was repossessed. Courts have found oral notice of a filing sufficient where it would cause a reasonably prudent person to make further inquiry. *Meis-Nachtrab v. Griffin (In re Meis-Nachtrab)*, 190 B.R. 302, 307 (Bankr. N.D. Ohio 1995) (finding creditor had knowledge of bankruptcy filing where Debtor telephonically informed him of filing and citing *Constantino v. Flanders Hill Dev. (In re Constantino)*, 80 B.R. 865, 868 (Bankr. N.D. Ohio 1987) (stating that a creditor "can be charged with notice if [it was] in possession of sufficient facts such as would cause a reasonably prudent person to make further inquiry")); *see In re Freemyer Indus. Pressure, Inc.*, 281 B.R. 262, 267 (Bankr. N.D. Tex. 2002) (stating that "[o]ral notice of a filing is sufficient to require a party to observe the stay").

Defendants nevertheless concede that they did receive notice of Plaintiff's bankruptcy when served with Plaintiff's adversary complaint on April 16, 2013, after the Hummer was repossessed. Notwithstanding such notification, Defendants waited nine days before talking with their attorney and before returning the Hummer to Plaintiff. Thus, Plaintiff has met her burden of proving that Defendants willfully violated the automatic stay by repossessing and then failing to return Plaintiff's Hummer.

Where a willful violation of the stay has occurred, a plaintiff is entitled to damages, including attorneys' fees, reasonably incurred as a proximate result of the violation of the stay. *See United States v. Fingers (In re Fingers)*, 170 B.R. 419, 433 (S.D. Cal.1994); *Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 350 (Bankr. S.D.N.Y. 1998). A debtor must be able to demonstrate by a preponderance of the evidence the amount of damages incurred. *Bankers Healthcare Group, Inc. v. Bilfield (In re Bilfield)*, 494 B.R. 292, 302 (Bankr. N.D. Ohio 2013). "A bare statement by the debtor that he incurred damages without some form of supporting evidence as to the amount will not satisfy the evidentiary requirements of § 362(k)." *In re Baer*, No. 11-8062, 2012 WL 2368698, *10, 2012 Bankr. LEXIS 2849, *27-28 (B.A.P. 6th Cir. June 22, 2012) (citing *Ball v. A.O. Smith Corp.*, 321 B.R. 100, 110 (N.D.N.Y.2005)).

In this case, Defendants admit that Plaintiff incurred compensatory damages in the amount of $200.00 as a proximate result of their failure to return the Hummer to her for nine days. Plaintiff's testimony at trial that she missed two days of work because she was so upset about the repossession does

4

not constitute proof of damages greater than $200.00. At most, her inability to work caused a loss of $140.00 (7 hrs. x $10.00/hr x 2 days). The court also notes that during the nine days that Defendants had possession of the Hummer, Plaintiff was not without a vehicle to drive, as she also owned a 1999 Ford Econoline that she testified could have been driven. The only other element of damages are attorneys' fees. However, no evidence of the amount of such fees were offered at trial, and the court may not speculate as to such amount. *John E. Green Plumbing. & Heating Co. v. Turner Constr. Co.*, 742 F.2d 965, 968 (6th Cir. 1984) (stating that "a damage award must not be based on 'mere speculation, guess, or conjecture'"). The court thus finds that Plaintiff is entitled to compensatory damages in the amount of $200.00, as stipulated by Defendants.

A party injured by a willful violation of the stay may also recover punitive damages "in appropriate circumstances." 11 U.S.C. § 362(k)(1). Generally, to obtain punitive damages, the party must show that the "creditor's conduct was 'egregious, vindictive, or intentionally malicious.'" *Bilfield*, 494 B.R. at 304 (citation omitted). "While proof of an overt wrongful intent is not required, it must be shown that the creditor acted in bad faith or otherwise undertook its actions in reckless disregard of the law." *Id*. (citing *In re Baer*, 2012 WL 2368698 at *10, 2012 Bankr. LEXIS 2849, at 28).

In this case, the court finds most troubling the fact that Defendants took no action to remedy their transgression in keeping the Hummer for nine days after repossession. Having been served with this adversary complaint, they clearly had notice on April 16, 2013, not only of Plaintiff's bankruptcy but also of their violation of the automatic stay. Yet Defendants took no action and maintained possession of the Hummer until April 25, 2013, when it was returned to Plaintiff after finally conferring with their attorney.

The court finds such conduct shows a reckless disregard for Plaintiff's rights under the Bankruptcy Code and the bankruptcy process in general such that an award of punitive damages in the amount of $900.00 is appropriate. The court finds that an award of $100 per day for each of the nine days that Defendants retained the Hummer after April 16, 2013, is necessary to deter future violations by Defendants with respect to any of their other customers. Even though Plaintiff has not proven an award of attorney's fees as claimed in count One of Plaintiff's complaint, *see* Fed. R. Bankr. P. 7008(b), the court has no doubt that Plaintiff had to sue Defendants to obtain eventual compliance with the automatic stay, and delayed compliance at that. While Plaintiff's damages do not result in a substantial money judgment, she was nevertheless actually injured by Defendants' disregard of the automatic stay. Absent a meaningful punitive damages award, the court finds that Defendants will not likely or effectively be deterred from such missteps in the future if left with the mistaken impression that all that is stake where the automatic stay is concerned

is a couple of hundred dollars or so.

## **CONCLUSION**

For the foregoing reasons, Plaintiff is entitled to judgment on her claim for damages under 11 U.S.C. § 362(k)(1) based on Defendants' willful violation of the automatic stay alleged in Count One of her Complaint and will be awarded compensatory damages in the amount of $200.00 and punitive damages in the amount of $900.00, for which Defendants are jointly and severally liable. Counts Two and Three of Plaintiff's Complaint are moot and will be dismissed. The court will enter a separate judgment in accordance with this Memorandum of Decision.

###